Samuel P. Trumbull (SBN 236046)
ECKERT SEAMANS
CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412.566.6000
Facsimile: 412.566.6099
Email: strumbull@eckertseamans.com

Attorney for Defendant JETBLUE AIRWAYS CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NASR, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION <br><br> Defendant. | CIVIL ACTION NO.: _____ <br><br> **DOCUMENT FILED ELECTRONICALLY** <br><br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, on this date, defendant, JetBlue Airways Corporation, ("Defendant" or "JetBlue"), by its undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, in the office of the Clerk of the United States District Court for the Central District of California.

1

Defendant, by its undersigned attorneys, shows:

1.  Daniel Nasr, ("Plaintiff"), by his counsel, brought a proposed class action in his individual capacity against Defendant in the Superior Court of California, County of Orange, and filed his complaint and jury demand on August 21, 2023, under Case No. 30-2023-01343576-CU-AT-CXC. A true copy of Plaintiff's Complaint is attached as Exhibit "A".

2.  Defendant was served with process on September 1, 2023. A true copy of the summons served on Defendant is attached as Exhibit "B".

3.  This Notice is filed with this Court within 30 days of Defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

4.  There have been no other proceedings in this action.

5.  This action may be removed to this Court by and through the Class Action Fairness Act of 2005, ("CAFA"), 28 U.S.C. §§ 1332; 1453.

6.  Pursuant to CAFA, this Court has original jurisdiction over this matter as it is "a civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant[,]" and the number of members of all proposed plaintiff classes is at least one hundred. 28 U.S.C. § 1332(d)(2)(A); (d)(5).

NOTICE OF REMOVAL
Case No. _____

7. As the Ninth Circuit has explained, a "removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional fact." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). Defendant now takes each CAFA element in turn.

8. <u>Amount in Controversy.</u> "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Moreover, where plaintiff has not enumerated the putative class's claimed damages, a defendant removing under CAFA "need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

9. Based on the allegations in the complaint, the aggregate amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2). Though Plaintiff does not identify the aggregate damages the complaint seeks, a reasonable estimate of the amount in controversy can be ascertained through the relevant allegations.

10. Plaintiff purports to bring this action on behalf of "all United States citizens including Plaintiff who: (a) on or after March 1, 2014, (b) purchased a nonrefundable JetBlue ticket and subsequently cancelled that ticket, and (c) received a Credit including all fare, taxes, and fees in the form of a Credit." Compl. ¶ 34. The "Class period" is further defined as "March 1, 2014, to the date of class certification." *Id.*

11. The Complaint alleges JetBlue breached its contract of carriage with Plaintiff and each Class Member by failing to "refund Plaintiff's and Class members' September 11 Security Fees to their original form of payment," which Plaintiff claims violates 49 C.F.R. § 1510.9(b), 49 C.F.R. § 1510.11(b), and 49 C.F.R § 1510.13(c). Compl. ¶ 56. Plaintiff further claims that this practice was "uniform during the class period." Compl. ¶ 41.

12. The Complaint prays for damages in the form of "unrefunded September 11 Security Fees," ("TSA fees") on behalf of Plaintiff and Class members, and further requests the costs of suit, including reasonable attorney's fees. *See* Compl. ¶ 57.

13. According to the Complaint, Plaintiff believes that there are "thousands of individuals throughout the United States who are potential Class Members in this action." Compl. ¶ 37.

14. From March 1, 2014, until the present date, on average, JetBlue remitted to TSA more than $400,000 per month in TSA fees associated with expired Travel Bank credits, and JetBlue has returned in excess of $5 million TSA fees associated with expired Travel Bank credits during that period. *See* Declaration of Eric Berger ("Berger Dec."), ¶ 16, attached hereto as Exhibit "C".

15. The total amount of "unrefunded September 11 Security Fees" is significantly greater than the amount remitted by JetBlue to TSA for fees associated with expired Travel Bank credits for the Class period. Therefore, the Complaint seeks damages well in excess of $5 million. Berger Dec., ¶ 17.

NOTICE OF REMOVAL
Case No. _____

16. As such, the estimated amount in controversy is significantly greater than $5 million dollars, without taking into account attorney's fees, which the Complaint also prays for.

17. <u>Citizenship of the Parties.</u> CAFA requires only minimal diversity, which is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. According to the Complaint, Plaintiff is a citizen of California and Defendant JetBlue is a Delaware corporation with its principal place of business in New York. Compl. ¶¶ 6-7. Thus, complete diversity of citizenship exists between the parties and CAFA's minimal diversity requirement is readily satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

19. <u>Number of Class Members.</u> CAFA requires that there be at least one hundred proposed class members. *See* 28 U.S.C. § 1332(d)(5)(b). CAFA defines "class members" as, "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

20. As stated, Plaintiff has pled that there are likely "thousands of individuals throughout the United States who are potential Class Members in this action." Compl. ¶ 37.

21. This Court is not required to decline jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

22. Filing this Notice of Removal shall not be construed as a waiver of any defense that may be available to Defendant.

**PLEASE TAKE FURTHER NOTICE** that Defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the Central District of California, has served a copy of this Notice of Removal on Plaintiff, and has also filed a copy of the Notice with the Clerk of the Superior Court of California, County of Orange, via Legal Connect, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

DATED:  September 29, 2023

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: *s/ Samuel P. Trumbull*
　　Samuel P. Trumbull

Attorney for Defendant JETBLUE AIRWAYS CORPORATION

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **Notice of Removal,** was mailed, first-class, postage prepaid, this 12th day of April 2023, to:

> Michael Merriman
> HILGERS GRABEN PLLC
> 655 West Broadway, Suite 900
> San Diego, CA 92101
> *Attorney for Plaintiff*

*s/ Samuel P. Trumbull*
Samuel P. Trumbull
