# EXHIBIT C

Samuel P. Trumbull (Bar No. 236046)
ECKERT SEAMANS
CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412.566.6000
Facsimile: 412.566.6099
Email: strumbull@eckertseamans.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NASR,<br>on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO.: _____<br><br>**DOCUMENT FILED ELECTRONICALLY**<br><br>**DECLARATION OF ERIC BERGER IN SUPPORT OF NOTICE OF REMOVAL** |

I, Eric Berger, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, state that the following is true and correct:

1

1. I am employed by JetBlue Airways Corporation ("JetBlue"), the Defendant in this action, as a Tax Manager, and am authorized to make this declaration in support of JetBlue's Notice of Removal.

2. I am over the age of 18 years old and competent to testify.

3. I make this declaration based upon my personal knowledge and my review of JetBlue's business records, which are kept in the course of JetBlue's regularly conducted business activity, and which are made at or near the time of the recorded event by someone with personal knowledge or from information transmitted by someone with personal knowledge; and it being the regular practice of JetBlue to make and keep such business records.

4. The Complaint seeks damages in the form of "unrefunded September 11 Security Fees" on behalf of "all United States citizens including Plaintiff who: (a) on or after March 1, 2014, (b) purchased a nonrefundable JetBlue ticket and subsequently cancelled that ticket, and (c) received a Credit including all fare, taxes, and fees in the form of a Credit." Compl. ¶¶ 34, 57. The "Class period" is further defined as "March 1, 2014, to the date of class certification." Compl. ¶ 34.

5. The Transportation Security Administration's ("TSA") September 11 Security Fee is a security service fee imposed on air transportation originating at airports in the United States.

6. Pursuant to 49 C.F.R. § 1510.5(a), passengers currently may not be charged more than $5.60 per one-way trip or $11.20 per round trip.

2

7. JetBlue must generally collect this fee from each revenue passenger that it transports from or within the United States.

8. As required by 49 C.F.R. Part 1510, JetBlue properly collects the September 11 Security Fee on each applicable ticket that is sold, at the time of sale, and timely remits the fees to TSA by the end of the month following the calendar month in which the transportation is sold. Because September 11 Security Fees are "sales based", JetBlue remits the fees to TSA each month whether or not the passenger has flown and regardless of the date of travel.

9. September 11 Security Fees are never treated as revenue by JetBlue. Upon their collection, September 11 Security Fees are held in trust for the benefit of the government in compliance with 49 C.F.R. Part 1510.

10. September 11 Security Fees are never co-mingled, nor counted as a profit for the airline. Rather, September 11 Security Fees are mapped to a specific liability account on JetBlue's general ledger and clearly dedicated to TSA.

11. When a non-refundable ticket is purchased, JetBlue remits the September 11 Security Fee to TSA by the end of the following month.

12. When a non-refundable ticket is cancelled after the September 11 Security Fee has been remitted to TSA, JetBlue will net the cancelled September 11 Security Fee against collections for the current sales period. This netting occurs via an adjustment to JetBlue's monthly remittance to TSA.

13. Typically, in this situation the September 11 Security Fee is refunded to the passenger's "Travel Bank" as a credit that can be used to make a subsequent booking.

14. If the passenger does not rebook the flight or otherwise use the Travel Bank credit within an established window (typically within one year, although that timeframe was extended for COVID-19 related cancellations), the Travel Bank credit expires.

15. Expired Travel Bank credits are remitted to TSA no later than the close of the following month.

16. From March 1, 2014, until the present date, on average, JetBlue remitted to TSA more than $400,000 per month in September 11 Security Fees associated with expired Travel Bank credits. Thus, JetBlue has returned in excess of $5 million September 11 Security Fees associated with expired Travel Bank credits for the relevant time period.

17. The alleged damages sought by Plaintiff in the form of "unrefunded September 11 Security Fees" on behalf of Plaintiff and Class members is significantly greater than the amount remitted by JetBlue to TSA for fees associated with expired Travel Bank credits from March 1, 2014, until the filing of the Complaint. Therefore, the Complaint seeks damages well in excess of $5 million.

[Continued on Next Page]

4

DECLARATION OF ERIC BERGER
Case No. _____

1    I declare under penalty of perjury under the laws of the United States of America
2    that the foregoing is true and correct to the best of my knowledge and belief.

5    Dated:      Long Island City, New York
              September 28, 2023

_____
Eric Berger
Tax Manager
JetBlue Airways Corporation

5