UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NASR,<br><br>        Plaintiff,<br><br>    v.<br><br>JETBLUE AIRWAYS CORPORATION,<br><br>        Defendant. | Case No. 8:23-cv-01839-JWH-ADSx<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS [ECF No. 8] and MOTION TO STAY [ECF No. 25]** |

Before the Court are the motions of Defendant JetBlue Airways Corporation to dismiss the case[1] and to stay discovery.[2] The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed herein, the Court **GRANTS** JetBlue's Motion to Dismiss and **DENIES** JetBlue's Motion for Stay **as moot**.

## I. BACKGROUND

Plaintiff Daniel Nasr originally filed this class action lawsuit in Orange County Superior Court in August 2023.[3] Nasr, individually and behalf of the proposed class, asserts a single cause of action for breach of contract related to JetBlue's alleged failure to refund customers' "September 11 Security Fee" in the original form of payment, rather than as JetBlue credit, after those customers had canceled their flights.[4] Nasr alleges that "[b]y returning unused September 11 Security Fees in the form of Credits rather than to the original payment method (*i.e.*, a cash refund), JetBlue breached its obligations under federal law and its contract of carriage."[5]

JetBlue removed the action to this Court in September 2023,[6] asserting diversity jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 & 1453.[7]

---

[1] Def.'s Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 8].

[2] Def.'s Mot. for Protective Order for Stay of Disc. (the "Motion for Stay") [ECF No. 25].

[3] Notice of Removal (the "Notice of Removal") [ECF No. 1] ¶ 1.

[4] *See generally* Notice of Removal, Ex. A (the "Complaint") [ECF No. 1-1].

[5] *Id.* at ¶ 28.

[6] *See generally* Notice of Removal.

[7] *Id.* at ¶¶ 5 & 6.

JetBlue filed its Motion to Dismiss in October 2023.[8] JetBlue argues that Nasr's sole claim, for breach of contract, is preempted by the Airline Deregulation Act and, therefore, that it fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Nasr opposes JetBlue's Motion to Dismiss,[10] and the matter is fully briefed.[11] The Court took the Motion to Dismiss under submission in December 2023.[12] In March 2024, JetBlue filed its Motion for Stay, requesting a stay of discovery until the Court rules upon the Motion to Dismiss.[13] Nasr opposed JetBlue's Motion for Stay.[14]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr*

---

[8] *See generally* Motion to Dismiss.
[9] See generally id.
[10] Pl.'s Opp'n to Motion to Dismiss (the "Opposition") [ECF No. 16].
[11] Def.'s Reply in Supp. of Motion to Dismiss (the "Reply") [ECF No. 18].
[12] Order [ECF No. 22].
[13] *See generally* Motion for Stay.
[14] *See* Pl.'s Opp'n to the Motion for Stay [ECF No. 26].

*v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

In his Complaint, Nasr points to the following language from JetBlue's Contract of Carriage: "All transportation is sold and all carriage is performed subject to compliance with all applicable government laws and regulations, including those of the Federal Aviation Administration and the U.S. Department of Transportation, Transportation Security Administration, and all applicable Conventions, special contracts, treaties, and tariffs, many of which are not specified herein but are nevertheless binding on Carrier and all

Passengers."[15] Nasr argues that that provision, when read in conjunction with federal law requiring an airline to refund a customer's "September 11 Security Fee" if the customer cancels his or her flight, requires JetBlue to refund that fee in the customer's original form of payment, ***not*** as JetBlue credit.[16]

Binding authority from the Ninth Circuit conclusively refutes Nasr's argument. In *Shrem v. Sw. Airlines Co.*, 2017 WL 1478624 (N.D. Cal. Apr. 25, 2017), *aff'd*, 747 F. App'x 629 (9th Cir. 2019), the district court held, and the Ninth Circuit affirmed, that Southwest Airlines's Contract of Carriage—which contained an ***identical*** operative clause to the one that Nasr invokes here[17]—was preempted by the Airline Deregulation Act, such that the plaintiffs failed to state a claim. *See id.* at *2; *see also Shrem v. Sw. Airlines Co.*, 747 F. App'x 629, 631 (9th Cir. 2019) (holding that the district court "properly dismissed [the p]laintiffs' breach of contract claim"). Because Nasr's entire Opposition depends upon the similarity of JetBlue's Contract of Carriage with that of Southwest, and because binding precedent establishes that Southwest's Contract of Carriage is preempted by the Airline Deregulation Act for the purpose of a breach of contract claim like that of Nasr in this instance, the Court concludes that Nasr fails to state a claim. Moreover, because Nasr cannot cure his pleading by alleging other facts, *see Lopez*, 203 F.3d at 1127, JetBlue's Motion to Dismiss is **GRANTED** and this action is **DISMISSED without leave to amend**.

---

[15] Complaint ¶ 14; *see also id.*, Ex. 1 (the "Contract of Carriage") ¶ 32.

[16] *See generally* Complaint.

[17] Indeed, throughout his Opposition, Nasr specifically analogizes JetBlue's Contract of Carriage language to that of Southwest; Nasr extensively cites *Kleiner v. Sw. Airlines Co.*, 2009 WL 10674260 (N.D. Tex. Aug. 17, 2009), which he says "analyz[es] language identical to that in JetBlue's contract, and specifically not[es] that JetBlue used the same language at issue in that case." Opposition 5:13-16; *see also id.* at 9:13-15 & 10:20-11:12.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. JetBlue's Motion to Dismiss is **GRANTED**. Nasr's Complaint is **DISMISSED without leave to amend**.

2. JetBlue's Motion to Stay is **DENIED as moot**.

3. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: March 18, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE